IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KEVIN MICHAEL HAMILL, #161723                             PLAINTIFF

VS.                                     CIVIL ACTION NO. 3:13CV983-LRA
                                                          ( 4:12cv177)

GEO GROUP, INC., ET AL                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Defendant The Geo Group, Inc., filed a Motion for Summary Judgment in this cause which is before the Court for consideration.  Management and Training Corporation ("MTC") also filed a Motion for Summary Judgment in this cause also before the Court for consideration.  Plaintiff Kevin Michael Hamill was directed to file a response to the motions before April 25, 2014.  Instead, he filed a motion to compel the production of documents, which was denied by the Court.  The Court will consider his testimony at the October 24, 2013, omnibus hearing, along with the other pleadings filed by Hamill, in response to GEO's and MTC's dispositive motions.

Hamill was a convicted felon housed in the custody of the Mississippi Department of Corrections [MDOC] at the East Mississippi Correctional Facility in Meridian, Mississippi, when he filed this lawsuit on November 7, 2012.  Among other claims, Hamill charges that another inmate stole his $100 watch and the guards did nothing about the theft.  His only claim against GEO and MTC concerns the stolen watch.  His claims regarding his medical care and the other Defendant, Dr. Carl Faulks, will be considered in a separate opinion.

Plaintiff testified that his watch was stolen on July 17, 2012, the day before GEO left EMCF and the Management and Training Corporation [MTC] took over.  He sued GEO because he was "under their care" when his watch was stolen by fellow inmate, Richard Lewis.  Some of GEO employees saw the theft, according to Hamill, but they did not do anything about it.  Both GEO and MTC were there at the time, and Hamill testified that he holds both companies liable because they were supervising.  He charges that a Sgt. Snelling, an MTC employee, went up to the inmate and told him that Hamill said he had taken his watch.  This could have put Hamill in danger.  Hamill also complained to Warden Shaw [MTC] about the theft, and Warden Shaw should have looked into the situation a little more.  Instead, he just "wrote it off."

The Court interprets Plaintiff's claim as one under the Fourteenth Amendment wherein he was "deprived" of his property without due process of law.  The Court must accept Plaintiff's version of the facts for purposes of this review.  It is well settled that intentional deprivations of property by state officials do not violate the due process clause of the Fourteenth Amendment if adequate post-deprivation remedies exist.  *Hudson v. Palmer,* 468 U.S. 517  (1984).  Additionally, the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of property.  *Lilly v. Biscoe,* 273 F.3d 392 (5th Cir. 2001) (per curiam) (citations omitted).  "Under the *Parratt/Hudson* doctrine, a state actor's random and unauthorized deprivation of a plaintiff's property does not result in a violation of procedural due process rights if the state provides an adequate post-deprivation remedy."  *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir.

1995)(footnote omitted); *Hudson*, 468 U.S. at 533; *Parratt v. Taylor*, 451 U.S. 527, 541-44 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327, 330-31 (1986). The *Parratt/Hudson* doctrine is applicable if (1) the deprivation was unpredictable or unforeseeable; (2) predeprivation process would have been impossible or impotent to counter the state actors' particular conduct; and (3) the conduct was unauthorized in the sense that it was not within the officials' express or implied authority. *Caine v. Hardy,* 943 F.2d 1406, 1413 (5th Cir. 1992) (en banc).

In this case, according to Hamill's testimony, although the officials did not actually take the watch, they intentionally did not recover the watch on Hamill's behalf or help him retrieve his watch. Rather than negligence, the condonation of the theft by both GEO and MTC employees may be characterized as an "intentional act." As long as the state provides adequate post-conviction remedies, the deprivations of property caused by the misconduct of state officials does not infringe on due process. *Hudson,* 468 U.S. at 522. Mississippi law provides for post-deprivation remedies, including actions for conversion and claim and delivery. *See Wilson v. General Motors Acceptance Corp,* 883 So.2d 56, 68-69 (Miss. 2004) (stating the elements for a conversion claim); MISS. CODE ANN. § 11-38-1 (claim and delivery). The actions of replevin and the MDOC's Administrative Remedy Program also provide a remedy. The Fifth Circuit has long recognized that "Mississippi's post-deprivation remedies for civil IFP litigants satisfy due process." *Nickens v. Melton*, 38 F.3d 183, 185 (5th Cir. 1994). Because the State provides

Hamill an adequate post-deprivation remedy for the unauthorized taking of his property, this Court finds that no due process violation exists as a matter of law.

For these reasons, the Court finds that Defendant GEO Group, Inc.'s Motion for Summary Judgment [58] and Defendant MTC's Motion for Summary Judgment [60] are **granted** and Hamill's Complaint shall be dismissed with prejudice as to both GEO and MTC. The claims against the remaining Defendant shall be considered by separate opinion.

IT IS THEREFORE ORDERED that the Complaint is dismissed with prejudice as to Defendant GEO Group, Inc., and Management and Training Corporation. Final Judgment shall be entered at a later date.

SO ORDERED this the 23rd day of May 2014.

/s/Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE