IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**KEVIN MICHAEL HAMILL, #161723**                                **PLAINTIFF**

**VS.**                                         **CIVIL ACTION NO. 3:13CV983-LRA**
                                                                             **( 4:12cv177)**

**GEO GROUP, INC., ET AL**                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

The Plaintiff Kevin Michael Hamill, *pro se;* Lee Thaggard, counsel for Defendant The GEO Group, Inc., [GEO]; Robert Pedersen, counsel for Defendant Dr. Carl Faulks; and, Benjamin Morgan, counsel for Management and Training Corporation (MTC), appeared before the undersigned United States Magistrate Judge on October 24, 2013, at the Jackson Federal Courthouse. The hearing was conducted under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny.

Defendant GEO and MTC have been dismissed by separate Memorandum Opinion and Order of this date. Plaintiff is now housed as an inmate in the custody of the Mississippi Department of Corrections [MDOC] in the Kemper-Neshoba Correctional Facility in Dekalb, Mississippi. At the time of the events which generated this lawsuit, he was housed at the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi. GEO operated that facility until July 18, 2012, and MTC operated it thereafter. Plaintiff filed this Complaint on November 7, 2012, charging that his medical care was constitutionally inadequate and that his watch was stolen. The claims regarding his watch were dismissed in a separate opinion, and Plaintiff's remaining claims are only

against the EMCF physician, Dr. Carl Faulks.  The Court will consider his testimony at the October 24, 2013, omnibus hearing, along with the other pleadings filed by Hamill, in analyzing his claims against Dr. Faulks.

Plaintiff testified that his back had been injured when he went into custody in September of 2011.  It had been hurting for about a week when he arrived at EMCF.  Plaintiff charges that Dr. Faulks could not see anything in the X-ray taken of his shoulder and wanted to order an MRI.  The MRI was never performed.  Since then, his shoulder has been hurting, although CMCF [where he was housed at the time of the omnibus hearing) had him scheduled to see a physician the next week after the omnibus hearing.  While at EMCF, Plaintiff saw a doctor at least twice, and the medical staff there prescribed him Celebrex.  They would take him off of it, then put him back on.

Plaintiff also testified that he had cataracts and needed to have surgery.  CMCF had recommended cataract surgery prior to him being sent to EMCF.  According to Plaintiff, once he was transferred to EMCF, it took at least six months "to even see another eye doctor."  Plaintiff was examined by a Dr. Snell who recommended he be seen at Baptist hospital; the doctor there recommended surgery.  This was about a month before the omnibus hearing, and the surgery was scheduled.  Plaintiff does not know when the surgery is scheduled.   But, he did confirm that EMCF transported him to the Baptist hospital in Jackson to be seen by an eye specialist.

Plaintiff also testified that he had been having trouble with his heart.  His heart rate was low, and then it would go up and down.  EMCF sent him to see a heart doctor at St.

Dominic's Hospital, and that doctor recommended more testing. That was in December 2012, and he still has not had more testing.

Plaintiff testified that he had asked for a transfer and was transferred to CMCF. He does not know whether that was because of his medical conditions. But, since his transfer, he had cataract surgery scheduled and an appointment regarding his shoulder scheduled.

Dr. Faulks is the only remaining Defendant in this cause. Hamill asserts that upon his transfer on May 17, 2012, to EMCF, he informed Dr. Faulks about his medical needs. Dr. Faulks suggested his problems were due to his low heart rate and ordered an EKG. The results were confirmed. According to Plaintiff, Dr. Faulks put him on medication that interfered with his heart rate, "knowing these pills would affect the heart rate." The pills caused his heart rate to drop down to 37. Dr. Faulks took him off the medication a month later. Dr. Faulks put him back on something else, and it had the same side effects. The undersigned asked Plaintiff if he sued Dr. Faulks because of the medication he prescribed, and Plaintiff responded that that was the only thing for which he was suing Dr. Faulks. Plaintiff stopped taking the medicine on his on. He did not tell Dr. Faulks, but Dr. Faulks had told him if he did not want to get on the medication, he should not take it. Plaintiff confirmed that he was not suing Dr. Faulks regarding the cataracts or his shoulder—just for putting him on heart medication that had bad side effects.

In his Complaint, Hamill asserts that he was examined by Dr. Faulks in May, 2012, on July 18, 2012, on September 24, 2012, and on October 3, 2012. He also stated

that he was treated on October 8, 2012, by Dr. Jimmy W. Loft. An echogram and blood analysis test taken revealed his heart was normal. Plaintiff did not discuss his visit to Dr. Loft at the omnibus hearing.

Plaintiff was granted *in forma pauperis* [IFP] status by Order entered December 20, 2012 [11]. A district court may dismiss an IFP complaint as frivolous or for failure to state a claim under 28 U.S.C. § 1915 (e)(2)(B). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A *pro se* prisoner is entitled to develop his complaint factually before a proper frivolousness determination can be made. *See Eason v. Thaler*, 14 F.3d 8, 9-10 (5th Cir. 1994). The purpose of a *Spears* hearing is to "bring into focus the factual and legal bases of prisoners' claims." *Id.* at 9 (quoting *Spears,* 766 F.2d at 181). The undersigned conducted the hearing in order to allow Hamill an opportunity to fully explain and/or develop the factual basis of his claims.

Plaintiff's medical records were produced to the Court and to Plaintiff at the omnibus hearing [bates-no. "Hamill 0001- Hamill 0385"] by Dr. Faulks.

The Court has carefully considered the facts as alleged by Plaintiff in conjunction with the applicable law regarding the medical care that Dr. Faulks is required to provide a detainee that he treats. Plaintiff is reminded that his rights under the United States Constitution are not violated simply because Dr. Faulks may have been inattentive or may have provided medical care that was not to Plaintiff's liking or that did not work. Although actionable as a tort under common law, neither negligence or medical

malpractice creates a constitutional claim. Plaintiff's own testimony confirms that he received medical care while housed at EMCF, some by Dr. Faulks and some by other doctors. Plaintiff blamed his low heart rate on the medication that Dr. Faulks prescribed, but he testified that Dr. Faulks told him he did not have to take it if he did not want to. He also prescribed another medication after the first one caused side effects. Plaintiff does not explain what additional care or medications should have been provided, and this Court cannot interfere with the physician's medical judgment.

Assuming the facts as stated by the Plaintiff are accurate, the Court finds that Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983 or the United States Constitution. Hamill simply disagreed with Dr. Faulk's medical decision to prescribe the two drugs he was given. Under the facts as stated by Hamill, not even a claim of negligence or medical malpractice against Dr. Faulks would stand, certainly not a claim that his constitutional rights were violated by Dr. Faulks. This Court cannot interfere with medical personnel's diagnoses or judgment or with the decisions they make relating to the appropriate treatment given an inmate. A claim concerning a disagreement between an inmate and medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. *Wright v. Collins*, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review. *Russell v. Sheffer*, 528 F.2d 318 (4th Cir. 1975). Plaintiff's self-diagnosis of what medications or treatment he believed he needed states nothing more than a disagreement with the medical staff's decisions.

The Eighth Amendment does prohibit conduct which evinces deliberate indifference to a serious medical need by its ban on cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 105-07 (1976). To prove deliberate indifference, Plaintiff must allege that Dr. Faulks "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Hamill's own testimony and allegations rebut any showing of intentional mistreatment; his complaints were addressed, not ignored, and there was no "refusal" to treat. He received medications and was examined. He may not have been sent to a specialist until transferred to CMCF, but the law does not require Dr. Faulks to send him to a specialist. Hamill simply was not happy that the medications prescribed by Dr. Faulks had side effects.

A prisoner is not entitled to his *choice* of treatments. *Id*; *Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992). The fact that a plaintiff was not satisfied with his care does not confirm that his constitutional rights were violated. "The decision whether to provide additional treatment 'is a classic example of a matter for medical judgment'"and "[a] prisoner's disagreement with his medical treatment, absent exceptional circumstances" does not satisfy the deliberate indifference requirement. *Estelle*, 429 U.S. at 107; *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995). Hamill has not articulated any exceptional circumstances which would make his claims constitutional in nature.

6

The undersigned, having carefully considered the complaint, as augmented by the sworn testimony of Plaintiff at the hearing, as well as the applicable law, finds that Hamill's claims against Dr. Faulks have no basis either in law or in fact and, therefore, are frivolous and fail to state a claim on which relief may be granted. For these reasons, this action shall be dismissed with prejudice pursuant to 28 U.S.C. §1915(e)(2)(B)(i) and(ii). Final Judgment in favor of all Defendants shall be entered.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed with prejudice. A separate Final Judgment in favor of Defendants shall be entered on this date.

THIS the 23rd day of May, 2014.

S/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE